Under the complaint, and evidence proper to be adduced in its support, the trial court might have found that the administration of the estate of Ira A. Way was completed by Hester Way, and that she received and held the $4,000 as legatee, and not as executrix. The complaint does not specifically assert the completeness of the administration of the estate of Ira A. Way by Hester Way, or of the receipt by her of the assets of his estate, or of the payment of the $10,511.28 by the executrix of the executor of the estate of Hester Way to these defendants, the present administrators of Hester Way's estate; yet enough is stated in the complaint to suggest these facts. The counsel for the defendants makes no objection upon this ground. Upon the trial, in the absence of a demurrer, it would be proper to supply by distinct statement what seems to rest only in suggestion.

A defense is stated in the answer which we do not mean to prejudice, but, as the case stands, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.

---

In re HALE'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. REFERENCE BY SURROGATE.

A surrogate has, on application to remove an executor, authority, under Code Civ. Proc. § 2546, to order a reference, of his own motion, to obtain needed information on questions of fact involved.

2. SAME.

It is improper to insert in the order a recital that the petitioner has an unbarred claim; this and other questions being for the determination of the surrogate on the coming in of the referee's report.

Appeal from surrogate's court, New York county.

Petition of Charles H. Stone, executor of Augusta W. Stone, deceased, to remove Lucy Ann Hale and another, executrix and executor of Joseph P. Hale, deceased. From an order of reference of the surrogate to take and report evidence, said executrix and executor of said Hale appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Rastus S. Ransom, for appellants.
Howard Mansfield, for respondent.

O'BRIEN, J. The proceeding is brought on petition to secure the removal of the executor and executrix of Joseph P. Hale, deceased, upon the ground of certain alleged facts of misconduct in dealing with the estate. By the answer, these were sought to be explained or denied, and the statute of limitations was interposed as a bar. Upon the hearing, the surrogate, of his own motion, made the order of reference appealed from. The reference was thus ordered by the surrogate for his own information, and was neither granted upon motion of the petitioner, nor opposed by the executor and executrix. And he, having jurisdiction over the subject-matter, had the right, of his own motion, to so order a reference to obtain needed informa-

tion upon the question of fact involved, pursuant to section 2546 of the Code of Civil Procedure. As said by the Presiding Justice in Re Pearsall (Sup.) 4 N. Y. Supp. 365:

"In the determination of this appeal, it is not at all necessary to consider this application upon the merits. Under section 2546 of the Code, the surrogate * * * is empowered to appoint a referee to take and to report to the surrogate the evidence upon any specific question of fact, and make a report thereon,—subject, however, to the confirmation of the surrogate. * * * As to the merits of the application, it is not at all necessary to consider them. After the surrogate has determined the application on its merits, then there is time enough for us, if an appeal is taken, to consider the questions which have been so lengthily set out in the appellant's brief."

See, also, In re Post (Sup.) 19 N. Y. Supp. 18.

We think, however, that the recital in the order that the petitioner has an unbarred claim was improperly inserted, and should be stricken out; leaving that, as well as the other questions, for the determination of the surrogate upon the coming in of the referee's report.

The order should accordingly be modified by striking out that recital, and as so modified it should be affirmed, without costs. All concur.

---

### In re LARKIN.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

1. ELECTIONS—MANDAMUS—ALTERNATIVE WRIT—SUFFICIENCY.

Election Law, § 110, subd. 3, provides that straight ballots shall be separated from the split ballots and counted, and the number for each candidate entered opposite his name on each tally sheet; that the chairman of the board shall then take the split ballots separately, and announce the vote for each candidate on each such ballot, and, as the votes are counted, such ballot shall be passed to the other inspectors for certification. Held, that statements, in an alternative writ of mandamus to compel a recount, that each person engaged in counting took from the whole number of ballots a certain number, and counted the same, and declared the result, both on the straight and split tickets, and what he regarded as defective and void ballots, without passing the split tickets or any of the tickets from one to the other for verification, were sufficient to warrant its issuance, though it did not charge that relator was injured thereby.

2. SAME—RECOUNT—RIGHT TO MANDAMUS.

Election Law, § 114, declares that a writ of mandamus may issue to determine whether any ballot, and the votes thereon, which has been rejected by inspectors as void, shall be counted. Held, that though relator may not be entitled to mandamus to compel a recount under this act, where the void ballots have not been indorsed and returned as required thereby, he is entitled to a writ under the general rule that mandamus may be granted to compel the performance of an official duty, clearly prescribed by law, on the part of a public officer or board.

Appeal from special term, Albany county.

Mandamus by the people, on relation of Alexander B. Larkin, to compel the board of inspectors to grant a recount of ballots. From an order dismissing an alternative writ, and denying the relator's application for a peremptory writ (59 N. Y. Supp. 62), he appeals. Reversed.

At the town meeting held in and for the town of Richmondville on the 21st February, 1899, the applicant, Alexander B. Larkin, was a candidate for super-